Eric Lamont GONZALEZ,
Petitioner—Appellant,

v.

J.W. FAIRMAN, Jr., Warden; Attorney General of the State of California,
Respondents—Appellees.

No. 01–55771.

D.C. No. CV–99–11397–MMM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2002.

Decided Oct. 2, 2002.

Before THOMPSON and RAWLINSON, Circuit Judges, and SCHWARZER,* District Judge.

### MEMORANDUM **

Eric Lamont Gonzalez appeals the district court's dismissal of his petition for a

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

■ We are not persuaded that the state trial court's admission into evidence of Gonzalez's prior sexual offenses rendered his trial fundamentally unfair. The evidence was admitted under California Evidence Code § 1108 to show Gonzalez's propensity to commit the charged offense. The prior rapes were factually similar to the instant attempted rape, they were not too remote in time, and the evidence of them was reliable. *See United States v. LeMay III,* 260 F.3d 1018, 1027–29 (9th Cir.2001). Before admitting the evidence, the trial court properly balanced the probative value of the evidence against its prejudicial impact. *See id.* at 1026–27 (holding analogous evidence in federal child molestation case admissible so long as the court retains discretion to exclude prejudicial evidence under Federal Rule of Evidence 403). Admission of the evidence of prior sexual assaults did not violate Gonzalez's constitutional rights.

■ We also reject Gonzalez's contention that the state trial court's admission of Lisa D.'s hearsay statements violated his confrontation right. A defendant's confrontation right is not violated by the admission of hearsay statements that come within a firmly rooted exception to the hearsay rule. *White v. Illinois,* 502 U.S. 346, 356, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992); *see also Lilly v. Virginia,* 527 U.S. 116, 124–25, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999). The spontaneous declaration exception is one such firmly rooted exception. *See White,* 502 U.S. at 356, 112 S.Ct. 736. The evidence shows that Lisa D.'s

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

first statement ("Help me. He's trying to rape me. He has a knife.") was made immediately after she was punched and threatened by Gonzalez with a box cutter. When she made these statements, she was still crying and out of breath. The trial court properly found that the statements fell within the "firmly rooted" spontaneous declaration exception to the hearsay rule. *See* CAL. EVID.CODE § 1240.

Nor did the admission of Lisa D.'s second statement ("Gonzalez said, 'Bitch get in the car or I'm cutting your f — g face off.'") violate Gonzalez's confrontation right. Although the officer's testimony of what Lisa D. told him Gonzalez had told her constitutes double hearsay, it is independently admissible under state law as a voluntary admission by a party opponent. *See* CAL. EVID.CODE § 1204. This exception is not a firmly rooted exception to the hearsay rule, *Lilly*, 527 U.S. at 126–30, 119 S.Ct. 1887, however, the statement was shown to be reliable and thus did not violate Gonzalez's confrontation right. *Id.* Reliability was established by evidence that the arresting officers saw Gonzalez drag Lisa D. towards his car, an open box cutter was recovered from Gonzalez, there were four "finger" bruises on Lisa D.'s arm, and her nose was reddened from an apparent blow to her face.

Gonzalez also challenges the state trial court's jury instructions. However, he failed to raise this issue in the district court. Accordingly, the issue is waived. *See Arizona v. Components Inc.*, 66 F.3d 213, 217 (9th Cir.1995) ("[g]enerally, 'an appellate court will not hear an issue raised for the first time on appeal.'") (quoting *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir.1992). Moreover, Gonzalez is precluded from rais-

ing this issue because it is not included in the certificate of appealability and was not mentioned in his opening brief; in addition, he has not exhausted the issue in state court. *See Duncan v. Henry*, 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (holding that a habeas petitioner must exhaust all federal constitutional claims in state court).

AFFIRMED.